### 12113.   BRAY *v.* THE STATE.

1. The ground of the amendment to the motion for a new trial was incomplete and was without merit.
2. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED APRIL 13, 1921.

Accusation of possessing intoxicating liquor; from city court of Hall county — Judge Wheeler.  December 27, 1920.

*W. J. Phillips, B. P. Gaillard Jr.,* for plaintiff in error.

*E. D. Kenyon, solicitor,* contra.

BROYLES, C. J.   1. The motion for a new trial complains that, over the objection of the defendant, the court admitted the following material evidence of a witness: " As to who was in the car I couldn't say, my opinion it was Mr. Bray, or some one similar to him, looked like him that night.  In the best of my opinion he was the man." We think this evidence was admissible for what it was worth.   Furthermore, the ground is not complete within itself, since it would require an examination of the brief of evidence for this court to ascertain whether the evidence was material.

2. The defendant was charged with having in his possession intoxicating liquors.   The evidence showed that on the night of March 17, 1920, in Hall county, an automobile containing fifty gallons of whisky was captured by two officers.   Two men were in the automobile and were seen by the officers, but these men escaped.   The defendant was accused of being one of these men, but denied the charge and attempted to prove an alibi.   He stated that on the night of March 17, 1920, he was in Augusta with a friend named J. C. Mitchell.   J. C. Mitchell testified to the same effect.   There was other testimony tending to support this alibi.   It was proved that the defendant was engaged in the taxicab business in Athens, Georgia, and that he had four automobiles—one of which was the "whisky" car captured by the officers.   The defendant introduced evidence tending to show that this car was stolen from his garage while he was in Augusta with Mitchell.   One of the arresting officers testified as follows: " As to who was in the car [the " whisky " car in question] I couldn't say, my opinion it was Mr. Bray, or some one similar to him, looked like him that night. · In the best of my opinion he was the man."   The other officer testified that he could not swear that the defendant was one of the men in

the car, but this witness did swear positively and unequivocally that he did recognize the defendant's witness, J. C. Mitchell, as one of the two men who were in the car on the night it was captured. The jury had the right to believe this witness's testimony in preference to all of the other testimony in the case, and if they believed his testimony was true (J. C. Mitchell having sworn that he and the defendant were together in Augusta on the night of March 17, 1920, and the defendant having stated the same thing), then they were authorized to reject that part of Mitchell's testimony, and that part of the defendant's statement, as to their being in Augusta on that night, and to find that they were together in the " whisky " car in Hall county on that date. It follows that the defendant's conviction was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*